## ERROR IN ALLOWING A FEE FOR AN ACTION NOT YET BROUGHT.

Court of Appeals for Hamilton County.

WILLIAM BAHMANN AND E. J. HARTH V. CHARLES S. DRUGGAN, RECEIVER OF THE OHIO AUTO ACCESSORY COMPANY; TWO CASES.*

Decided, June 19, 1916.

*Corporations—Action for Unpaid Subscriptions for Stock—Allowance to Counsel for Services in a Future Action.*

A court is without power to include in a judgment finding the liability of stockholders an estimated fee for attorneys in a future action to enforce stockholders' liability or collect unpaid subscriptions to the capital stock.

*Oscar W. Kuhn* and *Ireton & Schoenle,* for plaintiff in error. *S. A. Headley, C. S. Druggan* and *J. F. Atwood,* contra.

JONES (E. H.), P. J.

Much of the brief of counsel for plaintiffs in error is devoted to an attempt to show that these proceedings, brought to collect unpaid subscriptions to the capital stock of a corporation, are barred by Section 8688, General Code, which provides:

"An action upon the liability of stockholders under the two next preceding sections can only be brought within eighteen months after the debt or obligation shall become enforcible against stockholders."

---

*Motion to require the Court of Appeals to certify its record in this case ~~overruled~~ allowed by the Supreme Court, October 24, 1916.

As pointed out in the brief of defendant in error, this question has been decided very recently by our Supreme Court in the case of *Bauman* v. *Kiskadden, Trustee,* 94 Ohio State, ——. The syllabus of the case is so directly in point as to leave nothing for this court to consider upon the question here presented, and we must hold that these actions were brought within time and are not barred.

The Common Pleas Court of Franklin County allowed the receiver $350 for compensation and expenses including attorney's fees. The assets of the defunct corporation coming into the receiver's hands amounted to only $75. The court must have considered the costs and expenses of these proceedings, not at the time commenced, in fixing the fees. The cost and expenses of bringing the $75 into court was a proper charge against the delinquent stockholders. But we doubt the power of the court to include in the judgment, finding the liability of the stockholders, an estimated fee for attorneys in a future action to enforce the stockholders' liability or collect unpaid subscriptions. The allowance made was nearly five times the amount of the assets in the hands of the receiver, so that it is evident that the court considered the services of the attorneys in this proceeding when fixing the allowance.

For a discussion of this question, see *Buist* v. *Williams,* 81 S. C., 495, at page 499.

But this is aside from the record before us. We have no power to interfere with the judgment of the Franklin county court in the receivership case and for that obvious reason are not asked to do so by the pleadings.

We find no error in the proceedings under review, and the judgments are affirmed.

JONES (Oliver B.), J., and GORMAN, J., concur.